FILED31 AUG '11 11:03USDC-ORP

**Kurt M. Rylander**, OSB No. 94427
rylander@rylanderlaw.com
**RYLANDER & ASSOCIATES PC**
406 West 12th Street
Vancouver, WA 98660
Tel: 360.750.9931
Fax: 360.397.0473
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF OREGON
### PORTLAND DIVISION

| | |
|---|---|
| **METABOLIC MAINTENANCE PRODUCTS, INC.,** an Oregon Corporation,<br><br>Plaintiff(s),<br><br>v.<br><br>**ST. IVES LABORATORIES, INC.** a Delaware corporation,<br><br>Defendant(s). | CV '11 1060 HZ<br>No. ____<br><br>**COMPLAINT FOR RELIEF**<br>For Trademark Infringement, Unfair Competition, Unfair Trade Practices, Damages, and Equitable Relief<br><br>JURY TRIAL DEMANDED |

COMES NOW Plaintiff, METABOLIC MAINTENANCE PRODUCTS, INC., and by this Complaint seek money damages and equitable relief against Defendant ST. IVES LABORATORIES, INC., a Delaware corporation, for: (1) trademark infringement; (2) unfair competition in violation of Section 43(a) of the Lanham Act; (3) trademark infringement under common law; (4) unfair trade practices in violation of ORS 646.605 et seq.; and, (5) unfair competition under common law, and alleges as follows:

#42429



**RYLANDER**
& ASSOCIATES PC
406 West 12th Street
Vancouver, WA 98660
(360) 750-9931

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over this action. This Court has Federal Question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121 as an action arising under the laws of the United States, including Lanham Action sections 15 U.S.C. §§ 1111, 1114, 1116, 1117, and 1125.

2.     This Court has pendent jurisdiction over the state unfair competition and associated claims under 28 U.S.C. § 1338(b) in that said claims are joined with substantial and related claims under the Trademark Laws of the United States, 15 U.S.C. §§ 1051, et seq. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Pursuant to Rule 9(c), Plaintiff pleads that all acts and conditions precedent for establishing jurisdiction have been performed or have occurred.

3.     Plaintiff is informed and believes and on that basis alleges that this Court has personal jurisdiction over the Defendant by virtue of its transacting and doing business in this judicial district.

4.     Plaintiff is informed and believes and on that basis alleges that venue lies in this judicial district, pursuant to 28 U.S.C. § 1391(b) and/or (c) and the Lanham Act, in that the claims substantially arose in this jurisdiction as a result of acts committed by Defendant within this judicial district in the course of Defendant doing business in this district.



RYLANDER
& ASSOCIATES PC
406 West 12th Street
Vancouver, WA 98660
(360) 750-9931

## PARTIES

5.     Plaintiff, METABOLIC MAINTENANCE PRODUCTS, INC., is an Oregon corporation with principal place of business in Sisters, Oregon. Plaintiff advertises, markets, distributes, and sells skin care products, including face care products. As part of its business operations, Plaintiff uses the Mark NATURALLY CLEAR ("the Mark" or "Plaintiff's Mark").

6.     Plaintiff is informed and believes and on that basis alleges that Defendant, ST. IVES LABORATORIES, INC., is a Delaware corporation conducting business in the State of Oregon, and by such extensive conduct, residing in the State of Oregon.

## COMMON ALLEGATIONS OF FACT

7.     Plaintiff has sold skin care products, including face care products, under the mark NATURALLY CLEAR since at least as early as October 8, 1997. Plaintiff identifies its product lines using the distinctive NATURALLY CLEAR Mark. Plaintiff's Mark is distinctive and/or has acquired secondary meaning in conjunction with the sale and marketing of skin care products, including face care products.

8.     The United States Patent & Trademark Office has registered Plaintiff's Mark NATURALLY CLEAR in typed form on the Principal Register, US Reg. 2,869,793 in August 3, 2004 in International Class 005 for vitamin supplement in the form of a facial spray. Plaintiff's '793 registration is incontestable under the provisions of 15 USC § 1065. A true and correct copy of


RYLANDER
& ASSOCIATES PC
406 West 12th Street
Vancouver, WA 98660
(360) 750-9931

Trademark Registration, 2,869,793 is attached as **Exhibit A hereto** and incorporated by reference.

9.    In addition to owning incontestable US Trademark Registration No. 2,869,793, Plaintiff is the owner of US Trademark Registration No. 2,183,138 for NATURALLY CLEAR in typed form, which issued on August 18, 1998 in International Class 005 for vitamin supplement in the form of a facial spray. A true and correct copy of Trademark Registration 2,183,138 is attached as **Exhibit B hereto** and incorporated by reference.

10.    In addition to using NATURALLY CLEAR as a mark for goods sold in commerce, Plaintiff uses the Mark as a trade name, Naturally Clear, and the website www.naturallyclear.com to identify its business in selling skin care products, including face care products.

11.    Plaintiff is informed and believes and on that basis alleges that Defendant sells the same or similar product using Plaintiff's Mark to similar consumers. Chart A below is a side by side exemplification of Plaintiff's product, on the left, and Defendant's product, on the right.

///

///

///

///

///

///

12.     Plaintiff is informed and believes and on that basis alleges that Defendant's products sold under Plaintiff's Mark are related to Plaintiff and/or the conditions surrounding Defendant's marketing are such that the products would be encountered by the same purchasers as Plaintiff's products under circumstances that would give rise to the mistaken belief that the goods come from a common source.

13.     Plaintiff is informed and believes and on that basis alleges that the products of Defendant and Plaintiff sold under Plaintiff's Mark are both used to treat skin conditions of the human face, and are accordingly related and would be subject to similar marketing techniques and sold in similar retail outlets.

14.     In Plaintiff's registrations for its Mark, the goods are identified broadly, as being a vitamin supplement in the form of a facial spray, and

RYLANDER
& ASSOCIATES PC
406 West 12th Street
Vancouver, WA 98660
(360) 720-9931

therefore the registration encompasses all goods of the type described that move in all normal channels of trade, and that are available to all potential customers.

15.    Plaintiff is informed and believes and on that basis alleges that the goods of both parties are sold in similar stores because they are both sold for very similar purposes, namely, skincare of the face, and therefore consumers who seek out the products of one party could very easily be seeking out products of the other, such that confusion as to source is likely upon seeing such similar marks being used.

16.    Plaintiff has developed significant good will and reputation and derives significant value from use of the NATURALLY CLEAR mark to identify its products and business.

17.    Plaintiff is the exclusive owner of the registered, statutory and common law trademark rights in the NATURALLY CLEAR mark for skin care products, including face care products.

18.    Plaintiff has expended substantial time and resources to promote its reputation and develop goodwill in its mark NATURALLY CLEAR, including marketing, advertising, and website development.

19.    Plaintiff markets and sells its products under the NATURALLY CLEAR mark throughout the United States and internationally. Plaintiff markets and sells directly to purchasing consumers, as well as through distributors.



20.    Defendant uses Plaintiff's Mark on the packaging and labeling and advertising material for its competing product NATURALLY CLEAR FACIAL PRODUCTS.

21.    Defendant uses Plaintiff's Mark NATURALLY CLEAR in the meta data, and domain name, of its website(s) and webpage(s), including:

    a.    http://www.stives.com,

    b.    http://www.stives.com/Products/ and

    c.    http://www.stives.com/Facial-Products/Naturally-Clear/ .

22.    Plaintiff is informed and believes and on that basis alleges that Defendant's use of Plaintiff's Mark NATURALLY CLEAR in Defendant's sales, advertising, labeling, packaging, meta data, and websites is likely to confuse consumers searching for Plaintiff's products on the Internet.

23.    Defendant's use of the URL http://www.stives.com/Facial-Products/Naturally-Clear/ will misdirect consumers seeking Plaintiff's website and intending to shop for Plaintiff's products by taking these consumers directly to Defendant's infringing website.

24.    Plaintiff is informed and believes and on that basis alleges that Defendant use of the product name NATURALLY CLEAR and/or website domain http://www.stives.com/Facial-Products/Naturally-Clear/, and/or meta data "naturally clear" is confusingly similar to and likely to be confused with Plaintiff's Mark. Defendant has used the terms to market and sell goods and services which are substantially similar, in fact nearly identical, to those

RYLANDER
& ASSOCIATES PC
406 West 12th Street
Vancouver, WA 98660
(360) 750-9931

marketed by Plaintiff using Plaintiff's Mark, in the same geographic area, and continues to do so. Specifically, Defendant has used and continues to use Plaintiff's Mark to market and sell skin care products, including face care products.

25.     Plaintiff is informed and believes and on that basis alleges that Plaintiff's products and Defendant's products are likely to be sold to, and or sought by, the same or similar customers, thus increasing the likelihood of confusion.

26.     Plaintiff competes against Defendant in the marketplace, and specifically in the market for skin care products, including face care products.

27.     Plaintiff is informed and believes and on that basis alleges that Defendant's use of the confusingly similar name and website for the same or similar types of products as those covered by Plaintiff's Mark is likely to confuse customers, and/or has confused customers, into believing that Defendant is the Plaintiff and/or that Defendant's products are the products of Plaintiff and/or are sponsored by, approved by, connected to, affiliated with, or associated with Plaintiff or Plaintiff's product, and/or that Defendant's products and Plaintiff's products have the same or similar source; and Plaintiff was damaged and/or is likely to continue to be damaged by the actions of Defendant.

28.     Plaintiff is informed and believes and on that basis alleges that Defendant's infringing use was and is willful and knowing; that Defendant's



use of Plaintiff's Mark was and is without the consent of Plaintiff; that Defendant has knowledge of Plaintiff company, mark and website; that Defendant was put on notice by Plaintiff that Defendant's use of Plaintiff's Mark and confusingly similar versions of Plaintiff's Mark was unauthorized; that as of the date of this Complaint, Defendant has not stopped its use; and that Defendant uses Plaintiff's Mark NATURALLY CLEAR as a product name, web name, and meta tag advertising term specifically and intentionally to trade on Plaintiff's Mark and goodwill.

29.    Defendant's ongoing infringing activities are causing, and will continue to cause, irreparable harm to Plaintiff, which cannot be fully compensated by money damages.

30.    Plaintiff is informed and believes and on that basis alleges that Defendant intends to continue its infringing actions in the future, and Plaintiff will continue to suffer harm, including confusion by consumers in the marketplace.

31.    The public has an overriding interest in avoiding confusion of trade names and marks and in the enforcement of trademark laws.

32.    Plaintiff is informed and believes and on that basis alleges that Defendant has used NATURALLY CLEAR as product names and web names to advertise, ship to, and sell goods in Oregon which compete with Plaintiff's goods in the same channels of commerce, and has shipped these products to one or more purchasers in Oregon.



33.   As of the date of the filing of this suit, Defendant has not ceased using the confusing name, including use of NATURALLY CLEAR product name and the associated website(s), despite being put on notice. All notices to the parent company of St. Ives are deemed notice to Defendant.

34.   Plaintiff is informed and believes and on that basis alleges that Defendant used and uses names and terms substantially similar to and likely to be confused with Plaintiff's Mark in the same geographic area, and continues to do so, for the purpose of marketing skin care products, including face care products, directly competing with the skin care products, including face care products, of Plaintiff.

35.   Plaintiff is informed and believes and on that basis alleges that Defendant's use of its confusingly similar name, including use of NATURALLY CLEAR and the associated website(s), for the same or similar products in the same geographic areas as those covered by Plaintiff's Mark is likely to confuse customers into believing that Defendant is the Plaintiff and/or that Defendant's products are the products of Plaintiff and/or are sponsored by, affiliated with, or associated with Plaintiff; that Defendant's offending use, including use of NATURALLY CLEAR and the associated website(s), is so similar in appearance, sound, and meaning to Plaintiff's Mark, particularly when used in conjunction with the sale of skin care products, including face care products, that its use is likely to cause confusion among or cause mistake by or deceive ordinary purchasers of Plaintiff's products as to the source, affiliation,

attribution connection, and/or association of Defendant or Defendant's products with Plaintiff or Plaintiff's products; that Defendant's offending use, including use of NATURALLY CLEAR and the associated website(s), is so similar in appearance, sound, and meaning to Plaintiff's Mark, particularly when used in conjunction with the sale of skin care products, including face care products, that Defendant's use is likely to cause confusion among or cause mistake by or deceive ordinary purchasers of Plaintiff's products as to the sponsorship and approval of Defendant's products and activities by Plaintiff, and Plaintiff was damaged and is likely to continue to be damaged by Defendant's acts.

<u>FIRST CLAIM FOR RELIEF</u>

(Trademark Infringement under the Lanham Act)

36.    Plaintiff re-alleges every paragraph in this Complaint.

37.    Plaintiff is the exclusive owner of the common law and statutory rights to the NATURALLY CLEAR Mark for skin care products, including face care products.

38.    Plaintiff uses its Mark to identify Plaintiff's goods and services in commerce. Plaintiff derives substantial value, good will, and business reputation from the exclusive use by Plaintiff of Plaintiff's Mark. Because of Plaintiff's exclusive use of its registered mark and the good will and reputation associated with Plaintiff goods, Plaintiff's Mark has developed significance in the minds of the public as an identifier of the source and quality of Plaintiff's goods and services.

RYLANDER
& ASSOCIATES PC
406 West 12th Street
Vancouver, WA 98660
(360) 750-9931

39.    Plaintiff's Mark is inherently distinctive and/or among the skin care products, including face care products, community in Oregon, it has acquired distinctiveness; the use of the Mark in connection with skin care products, including face care products, has endured over time; Plaintiff has used the Mark for its goods and services in the relevant marketplace; and that there is significant recognition by consumers in the relevant marketplace of Plaintiff's Mark.

40.    Plaintiff is informed and believes and on that basis alleges that Defendant infringed and misappropriated Plaintiff's registered trademark in commerce without permission; that Defendant's infringing uses of Plaintiff's registered mark are likely to and/or have caused actual confusion with consumers as to the source of goods and affiliation of Defendant to Plaintiff; that Defendant's infringing uses diminish the value of Plaintiff's Mark, goodwill and business reputation; and that the nature and extent of misappropriation of Plaintiff's Mark by Defendant is significant and willful.

41.    Plaintiff is informed and believes and on that basis alleges that Defendant's acts were willful, malicious and knowing, and that this is an exceptional case under 15 U.S.C. §1117.

42.    Plaintiff has and will suffer immediate irreparable damage and ongoing harm to its business, reputation, and goodwill by reasons of Defendant's unlawful acts unless Defendant is restrained and enjoined, and Plaintiff is without adequate remedy at law.


RYLANDER
& ASSOCIATES PC
406 West 12th Street
Vancouver, WA 98660
(360) 750-9931

43.     Accordingly, Defendant is liable to Plaintiff for recovery of all of Defendant's profits, for Plaintiff's damages, for statutory treble damages, and for attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

### (Violation of Section 43(a) of the Lanham Act)

44.     Plaintiff re-alleges every paragraph in this Complaint.

45.     Defendant engaged in unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

46.     Plaintiff's NATURALLY CLEAR Mark has become uniquely associated with the Plaintiff and is distinctive in the skin care products marketplace.

47.     Plaintiff is informed and believes and on that basis alleges that Defendant has engaged in unfair competition against Plaintiff in violation of Section 43(a) of the Lanham Act; that Defendant marketed and market in the same market place and geographic business area skin care products, including face care products, under the attribution NATURALLY CLEAR in such as way as to be confusingly similar, and to look like, Plaintiff's Mark and by that marketing falsely advertised and advertises and falsely represented and represent Defendant and/or Defendant's goods and services in a manner which reasonably implies that Defendant either is the same as or is affiliated with Plaintiff, and/or Defendant's goods and services are those of Plaintiff, and Defendant causes, has caused, and is likely to continue to cause a likelihood of

RYLANDER
& ASSOCIATES PC
406 West 12th Street
Vancouver, WA 98660
(360) 750-9931

confusion, mistake and deception as to the affiliation, attribution, connection or association of Defendant and/or Defendant's goods and services with Plaintiff.

48.    Plaintiff is informed and believes and on that basis alleges that Defendant's aforesaid advertising and promotional activities misrepresent the nature, characteristics, and qualities of its commercial activities.

49.    Plaintiff is informed and believes and on that basis alleges that Defendant's unauthorized uses of Plaintiff's Mark and confusingly similar versions of Plaintiff's Mark, are likely to cause, have caused, and will continue to cause likelihood of confusion, mistake, and deception as to the origin of Defendant's goods and services and as to the sponsorship, approval, affiliation, or attribution of Defendant or Defendant's goods and services.

50.    Defendant has refused to cease and desist from its unlawful activities despite Plaintiff's demand.

51.    Plaintiff is entitled to compensation to the extent possible for damages, general and special, consequential, and incidental, in an amount to be proven at trial, for the harm caused by Defendant, and for attorneys' fees, costs, and pre- and post-judgment interest.

52.    Plaintiff is informed and believes and on that basis alleges that Defendant's acts were willful, malicious and knowing, and that this is an exceptional case under 15 U.S.C. §1117.

53.    Plaintiff has and will suffer immediate irreparable damage and ongoing harm to its business, reputation, and goodwill by reasons of



RYLANDER
& ASSOCIATES PC
406 West 12th Street
Vancouver, WA 98660
(360) 735-9921

Defendant's unlawful acts unless Defendant is restrained and enjoined, and Plaintiff is without adequate remedy at law.

54.    Accordingly, Plaintiff demands an amount of money damages to compensate the Plaintiff for the harm caused, including but not limited to Defendant's profits, statutory and/or punitive damages, as well as equitable relief, attorneys' fees, costs, and interest.

### THIRD CLAIM FOR RELIEF

#### (Trademark Infringement under Common Law)

55.    Plaintiff re-alleges every paragraph in this Complaint.

56.    Plaintiff is the sole owner of the distinctive trademark NATURALLY CLEAR for skin care products, including face care products. Plaintiff uses the Mark to identify Plaintiff's goods and services in commerce. Plaintiff derives substantial value, good will, and business reputation from the exclusive use of Plaintiff's Mark in the relevant marketplace, including Oregon, as well as throughout the United States. Because of Plaintiff's exclusive use of its registered Mark and the good will and reputation associated with Plaintiff, Plaintiff's Mark has developed secondary meaning and significance in the minds of the public.

57.    Defendant infringed and misappropriated Plaintiff's Mark in commerce without permission. Defendant's infringement is likely to and has caused confusion by the public and diminishes the value of Plaintiff' mark, goodwill and business reputation.



58.    Plaintiff is informed and believes and on that basis alleges that Defendant's misappropriation of Plaintiff's labors and expenditures in creating and building Plaintiff's Mark has likely caused actual confusion and is likely to continue to cause confusion and to deceive the public as to the origin of Defendant's goods and services and business and/or Defendant's relationship to Plaintiff.

59.    The acts of the Defendant constitute infringement of Plaintiff's Mark under Oregon law.

60.    Plaintiff is informed and believes and on that basis alleges that Defendant willfully and maliciously infringed in commerce Plaintiff's Mark; that by its aforesaid conduct Defendant willfully, maliciously, and in bad faith attempted to pass off its business and/or goods and services as the business and/or goods and services of Plaintiff or as an affiliate of Plaintiff, and is attempting to falsely and fraudulently deceive the marketplace to the substantial detriment of Plaintiff's business, reputation, and good will.

61.    Plaintiff is informed and believes and on that basis alleges that Defendant's infringement was and is knowing, willful, and malicious.

62.    Plaintiff is entitled to compensation to the extent possible in damages, general and special, consequential, and incidental, in an amount to be proven at trial, for the harm caused by Defendant, and for attorneys' fees, costs, and pre- and post-judgment interest.

63.    Plaintiff has and will suffer immediate irreparable damage and


RYLANDER
& ASSOCIATES PC
406 West 12th Street
Vancouver, WA 98660
(360) 750-9931

ongoing harm to its business, reputation, and goodwill by reasons of Defendant's unlawful acts unless Defendant is restrained and enjoined, and Plaintiff is without adequate remedy at law.

64.     Accordingly, Plaintiff demands an amount of money damages to compensate the Plaintiff for the harm caused, including but not limited to Defendant's profits, statutory and/or punitive damages, as well as equitable relief, attorneys' fees, costs, and interest.

<u>FOURTH CLAIM FOR RELIEF</u>

(Unlawful Trade Practices in Violation of ORS 646.605 <u>et</u> <u>seq.</u>)

65.     Plaintiff re-alleges every paragraph in this Complaint.

66.     Plaintiff is informed and believes and on that basis alleges that Defendant, by its aforesaid conduct, committed unfair trade practices in violation of ORS 646.605 et seq., that Defendant willfully engaged, and engages, in practices and acts that causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of Defendant's goods and/or as to affiliation, connection, or association with, or certification by, Plaintiff and/or Plaintiff's products and/or that represents that Defendant's goods to have sponsorship or approval that they do not have or a status, qualification, affiliation, or connection that Defendant does not have.

67.     Plaintiff is informed and believes and on that basis alleges that Defendant's unlawful acts were and are knowing, willful, and malicious.

68.     Plaintiff is entitled to compensation to the extent possible in



damages, general and special, consequential, and incidental, in an amount to be proven at trial, for the harm caused by Defendant, and for attorneys' fees, costs, and pre- and post-judgment interest.

69.     Plaintiff has and will suffer immediate irreparable damage and ongoing harm to its business, reputation, and goodwill by reasons of Defendant's unlawful acts unless Defendant is restrained and enjoined, and Plaintiff is without adequate remedy at law.

70.     Accordingly, Plaintiff demands an amount of money damages to compensate the Plaintiff for the harm caused, including but not limited to Defendant's profits, statutory and/or punitive damages, as well as equitable relief, attorneys' fees, costs, and interest.

<u>FIFTH CLAIM FOR RELIEF</u>

(Unfair Competition under Common Law)

71.     Plaintiff re-alleges every paragraph in this Complaint.

72.     Defendant has willfully, maliciously, and in bad faith attempted to pass off its business and/or goods and services as the business and/or goods and services of Plaintiff or as an affiliate of Plaintiff, and attempt to falsely and fraudulently deceive the marketplace to the substantial detriment of Plaintiff's business, reputation, and good will.

73.     Defendant's misappropriation of Plaintiff's labors and expenditures in creating and building the distinctive reputation of Plaintiff is likely to and has caused actual confusion, and is likely to continue to cause

RYLANDER
& ASSOCIATES PC
406 West 12th Street
Vancouver, WA 98660
(360) 750-9931

confusion and to deceive the public as to the origin of Defendant's goods and services and business and/or Defendant's relationship to Plaintiff.

74.    The acts of the Defendant constitute unfair competition against the Plaintiff under the common law.

75.    Plaintiff is informed and believes and on that basis alleges that Defendant's unlawful acts were and are knowing, willful, and malicious.

76.    Plaintiff is entitled to compensation to the extent possible in damages, general and special, consequential, and incidental, in an amount to be proven at trial, for the harm caused by Defendant, and for attorneys' fees, costs, and pre- and post-judgment interest.

77.    Plaintiff has and will suffer immediate irreparable damage and ongoing harm to its business, reputation, and goodwill by reasons of Defendant's unlawful acts unless Defendant is restrained and enjoined, and Plaintiff is without adequate remedy at law.

78.    Accordingly, Plaintiff demands an amount of money damages to compensate the Plaintiff for the harm caused, including but not limited to Defendant's profits, statutory and/or punitive damages, as well as equitable relief, attorneys' fees, costs, and interest.

### PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for judgment in its favor as follows:

A.    For judgment in favor of Plaintiff against Defendant on all claims;

B.    Declaring Plaintiff's Mark valid and infringed by Defendant;



RYLANDER
& ASSOCIATES PC
406 West 12th Street
Vancouver, WA 98660
(360) 750-9931

C.    Enjoining and Restraining Defendant temporarily, preliminarily, and permanently:

(1)    from directly or indirectly using Plaintiff's Mark or any confusingly similar version or imitation thereof in relation to Defendant's marketing, sale, and/or description of Defendant's business or goods and services;

(2)    from using Plaintiff's Mark or any confusingly similar version or imitation thereof in any advertising or promotional material, whether printed, verbal, broadcast, electronically transmitted or otherwise;

(3)    from using Plaintiff's Mark or any confusingly similar version or imitation thereof on or in connection with any Internet address owned or controlled, in whole or in part, by Defendant, Defendant's privies, and/or Defendant's relatives, associates, agents, successors in interest, employees, principals, officers, and shareholders;

(4)    from using the Plaintiff's Mark or any confusingly similar version or imitation thereof in any radio, television, or other media advertising; and,

(5)    to remove those portions of Defendant marketing material and website which are similar to Plaintiff's Mark from each and every of Defendant's business addresses, locations, and signage, and from any and all literature, documentation, advertisements, business cards, vehicles, brochures, of any type or kind;



RYLANDER
& ASSOCIATES PC
406 West 12th Street
Vancouver, WA 98660
(360) 750-9931

(6)    to remove the Plaintiff's Mark and any confusingly similar name or designation from each and every of Defendant's web site pages and whatever web site address Defendant use, and from any and all literature, documentation, advertisements, brochures, of any type or kind;

D.    Ordering Defendant to identify the location and content of any and all production facilities, stores, inventories, stockpiles or distribution centers containing infringing articles of which it has knowledge, including products, accessories, designs, logos, prints, electronic files, and any other things, of which Defendant has knowledge, whether owned or controlled by Defendant or any other party;

E.    Ordering impoundment, destruction and verification of such destruction, of any things identified in the preceding paragraph;

F.    Enjoining and Restraining Defendant(s) to write to each and every customer of Defendant who has ordered for Defendant's skin care products, including face care products, from Defendant wherein the purchase or product was associated with the term "naturally clear", and in such writing to state that Defendant is not related to, affiliated with, associated with, or sponsored by Plaintiff, and do not have any relationship with Plaintiff, that Defendant's goods and services are not those of Plaintiff, and further to a provide the address and phone number of Plaintiff to each customer, and finally to return to the Court with a copy to Plaintiff's attorney of proof of compliance with this Order within ninety (90) days of entry thereof;


RYLANDER
& ASSOCIATES PC
404 West 12th Street
Vancouver, WA 98660
(360) 750-9931

G.      Enjoining and Restraining Defendant temporarily, preliminarily, and permanently, from further violations of the Lanham Act and ORS 646.605 et seq.;

H.      Ordering an Accounting and Disgorgement of Defendant's profits made while using the Plaintiff's Mark to market, promote, and/or sell Defendant's products, whether directly or through other parties, such Accounting to include tracing the monies and property received by Defendant to its real and personal property and bank and brokerage accounts, and Disgorgement thereof;

I.      Awarding to Plaintiff compensatory, general and special, consequential and incidental damages in an amount to be determined at trial;

J.      Awarding exemplary, punitive, statutory, treble damages to Plaintiff against Defendant, jointly and severally;

K.      Declaring this to be an exceptional case within 15 U.S.C. § 1117;

L.      Awarding Plaintiff's its reasonable attorneys' fees and costs, including costs for experts, pursuant to State and Federal law;

M.      Awarding Pre- and post- judgment interest; and

N.      Entering such other and further relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff hereby demands trial by jury in this action.

DATED This 8/30/11      _____



RYLANDER
& ASSOCIATES PC
406 West 12th Street
Vancouver, WA 98660
(360) 735-9991

KURT M. RYLANDER, OSB 94427

RYLANDER & ASSOCIATES PC

406 West 12th Street
Vancouver, WA 98660
Tel: (360) 750-9931
Fax: (360) 397-0473
E-mail: rylander@rylanderlaw.com
Of Attorneys for Plaintiff

RYLANDER
& ASSOCIATES PC
406 West 12th Street
Vancouver, WA 98660
(360) 750-9931

Int. Cl.: 5

Prior U.S. Cls.: 6, 18, 44, 46, 51 and 52

## United States Patent and Trademark Office

Reg. No. 2,869,793
Registered Aug. 3, 2004

## TRADEMARK
### PRINCIPAL REGISTER

## NATURALLY CLEAR

METABOLIC MAINTENANCE PRODUCTS, INC.
(OREGON CORPORATION)
P.O. BOX 3600
68994 NORTH PINE STREET
SISTERS, OR 97759

    FOR: VITAMIN SUPPLEMENT IN THE FORM OF
A FACIAL SPRAY, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46,
51 AND 52).

FIRST USE 10-8-1997; IN COMMERCE 10-8-1997.

OWNER OF U.S. REG. NO. 2,183,138.

SER. NO. 78-296,879, FILED 9-5-2003.

RON FAIRBANKS, EXAMINING ATTORNEY

Int. Cl.: 5

Prior U.S. Cls.: 6, 18, 44, 46, 51, and 52

Reg. No. 2,183,138

United States Patent and Trademark Office

Registered Aug. 18, 1998

## TRADEMARK
### SUPPLEMENTAL REGISTER

## NATURALLY CLEAR

MATABOLIC MAINTENANCE PRODUCTS (OREGON CORPORATION)
P.O. BOX 3600
68994 N. PINE STREET
SISTERS, OR 97759 MATABOLIC MAINTE-NANCE PRODUCTS (OREGON CORPORA-TION)

P.O. BOX 3600
68994 N. PINE STREET
SISTERS, OR 97759

FOR: VITAMIN SUPPLEMENT IN THE FORM OF A FACIAL SPRAY, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 10–8–1997; IN COMMERCE 10–8–1997.

SER. NO. 75–285,538, FILED P.R. 5–2–1997; AM. S.R. 5–8–1998.

FRED MANDIR, EXAMINING ATTORNEY

EXHIBIT B TO COMPLAINT FOR RELIEF
Metabolic Maintenance Prods., Inc. v. St. Ives Labs., Inc.
U.S. District Court, District of Oregon